ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

ECF CASE

SCOTT NOVAK,                                :    06 Civ. 4319 (WCC)

                 Plaintiff,    :

   - against -                              :    **OPINION
                                                                                                  AND ORDER**

SCARBOROUGH ALLIANCE CORPORATION,         :
SCARBOROUGH CAPITAL CORPORATION,
SCARBOROUGH SECURITIES CORPORATION        :
and DENIS A. CARDONE, both individually
and in his Corporate capacity,             :

                Defendants.    :

- - - - - - - - - - - - - - - - - - - X

#07,0013WP

A P P E A R A N C E S :

                                  NIEDWESKE BARBER, P.C.
                                  **Attorneys for Plaintiff**
                                  98 Washington Street
                                  Morristown, New Jersey 07960

DANIEL T. KOPEC, ESQ.

      Of Counsel

                                  MOSES & SINGER LLP
                                  **Attorneys for Defendant
                                     Denis A. Cardone**
                                  405 Lexington Avenue
                                  New York, New York 10174

DAVID M. RABINOWITZ, ESQ.
JULIE ███K, ESQ.

      Of Counsel

Copies E-Mailed to Counsel of Record

**CONNER, Senior D.J.:**

Plaintiff Scott Novak brings this action against defendants Scarborough Alliance Corporation, Scarborough Capital Corporation, Scarborough Securities Corporation (collectively, the "corporate defendants") and Denis A. Cardone, both individually and in his capacity as President and Chief Executive Officer of the corporate defendants, (collectively, the "defendants") following the termination of his employment as the corporate defendants' Senior Vice President. Specifically, plaintiff contends that: (1) defendants breached the express terms of his employment contract when they failed to provide him certain compensation upon the termination of his employment without cause; (2) defendants violated the implied covenant of good faith and fair dealing when they refused to enforce the compensation terms of the employment contract; and (3) he suffered damages as a result of his reasonable reliance on defendants' representations when accepting his position of Senior Vice President and defendants are therefore liable under the common law doctrine of promissory estoppel. This Court's jurisdiction is predicated upon diversity of citizenship. *See* 28 U.S.C. § 1332 (a)(1). Cardone now moves,[1] pursuant to FED. R. CIV. P. 12(b)(6), to dismiss the complaint in its entirety, contending that he is shielded by the "corporate veil" and plaintiff has not alleged sufficient facts to support its claims against him in his individual capacity. For the reasons that follow, Cardone's motion is granted.

## BACKGROUND

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all of the well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff. *See*

---

[1] The corporate defendants have not joined in Cardone's motion.

1

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.). Accordingly, the following discussion of the facts is based on the allegations in plaintiff's Complaint.

The corporate defendants are New York corporations having their principal places of business within the State of New York. (Complt. ¶¶ 4-7.) Each of the corporate defendants is engaged in the business of providing investment advice and services to members of the International Brotherhood of Electrical Workers (the "Union"). (*Id.*) Cardone, a New York citizen, is President and Chief Executive Officer of the corporate defendants and exercises managerial control of their operations. (*Id.* ¶¶ 8-9.) In 2003, plaintiff, a New Jersey citizen, interviewed for the position of Senior Vice President, but was not hired at that time. (*Id.* ¶¶ 4, 10.)

In 2005, Cardone requested that plaintiff again interview for the position of Senior Vice President of the corporate defendants, and the parties met numerous times in the ensuing months to discuss plaintiff's potential employment. (*Id.* ¶¶ 11-12.) The parties exchanged several drafts of an employment contract (the "Agreement") and, on April 27, 2006, plaintiff signed the Agreement and submitted it to Cardone for his signature.[2] (*Id.* ¶¶ 15-22.) Cardone accepted the Agreement, but did not sign it and plaintiff resigned his position with his prior employer, EPS Settlements Group, Inc. (Complt. ¶¶ 18-21.) Pursuant to the Agreement, plaintiff would be entitled to substantial compensation if his employment were terminated without cause. (*See* Kopec Aff., Ex. B.)

On May 1, 2006, plaintiff began his employment as Senior Vice President of the corporate

---

[2] The parties to the Agreement were plaintiff and Scarborough Alliance Corporation, and a space appears for Cardone's signature in his capacity as "Chairman and President." (Kopec Aff., Ex. B (reproduction of the Agreement).)

2

defendants and immediately flew to California for a Union industry meeting. (*Id.* ¶ 25.) During the meeting, plaintiff was introduced as Senior Vice President of the corporate defendants. (*Id.* ¶ 26.) The following week, plaintiff and Cardone discussed several future projects but, on May 11, 2006, Cardone informed plaintiff that his employment was terminated without cause. (*Id.* ¶¶ 27-30.) Nonetheless, defendants failed to pay him the compensation set forth in the Agreement. (*Id.* ¶¶ 31-36.) This litigation ensued. Defendant Cardone now moves to dismiss the Complaint, contending that plaintiff has pleaded insufficient facts to hold him personally liable for his official acts as President and Chief Executive Officer of the corporate defendants.

## DISCUSSION

### I. Legal Standard

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all of the well-pleaded facts as true and consider those facts in the light most favorable to plaintiff. *See Scheuer*, 416 U.S. at 236-37. On such a motion, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Id.* at 236. A complaint should not be dismissed for failure to state a claim "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980)).

In assessing the legal sufficiency of a claim, the Court may consider documents that are "integral" to plaintiff's claims, even if not explicitly incorporated by reference. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46-48 (2d Cir. 1991); *Smart v. Goord*, 441 F. Supp. 2d 631, 637 (S.D.N.Y. 2006) ("'[W]hile courts generally do not consider matters outside the pleadings, they

3

may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings in order to determine if a complaint should survive a 12(b)(6) motion.'") (quoting *Garcia v. Lewis*, No. 05 Civ. 1153, 2005 WL 1423253, at *3 (S.D.N.Y. June 16, 2005); *U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) ("[T]he Court can consider documents referenced in the complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in bringing suit."). In the present case, the employment agreement is such a document,[3] and we therefore consider it to the extent that it is applicable.

## II. Analysis

A federal court sitting in diversity must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In the present case, the Agreement contains an express provision calling for the application of New York law. (See Kopec Aff., Ex. B.) "It is the policy of the courts of [New York] to enforce contractual provisions for choice of law. . . ." *Koob v. IDS Fin. Servs., Inc.*, 213 A.D.2d 26, 33, 629 N.Y.S.2d 426 (1st Dep't 1995) (citing *Smith Barney, Harris Upham & Co. v. Luckie*, 85 N.Y.2d 193, 201, 647 N.E.2d 1308, 623 N.Y.S.2d 800 (1995)). In the present case however, defendants contend that no formal contract was formed, as Cardone never signed the Agreement. (Answer ¶¶ 56-58.) Nevertheless, the parties do not dispute that New York law governs the matter.

"Corporations, of course, are legal entities distinct from their managers and shareholders and

---

[3] Several provisions of the Agreement are set forth in the Complaint and the entire Agreement has been submitted to the Court as an exhibit to plaintiff's Memorandum of Law. (*See* Kopec. Aff., Ex. B.)

4

have an independent legal existence. Ordinarily, their separate personalities cannot be disregarded. . . ." *Port Chester Elec. Constr. Corp. v. Atlas*, 40 N.Y.2d 652, 656, 357 N.E.2d 983, 389 N.Y.S.2d 327 (1976). "New York law . . . allows individuals to incorporate for the very purpose of avoiding personal liability," *Gartner v. Snyder*, 607 F.2d 582, 586 (2d Cir. 1979), and in order to hold Cardone personally liable for his actions as the corporate defendants' President and Chief Executive Officer, plaintiffs must plead sufficient facts to "pierce the corporate veil." As Judge Fuld stated:

> The law permits the incorporation of a business for the very purpose of enabling its proprietors to escape personal liability . . . but, manifestly, the privilege is not without its limits. Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity. . . . In determining whether liability should be extended to reach assets beyond those belonging to the corporation, we are guided, as Judge Cardozo noted, by general rules of agency. . . . In other words, whenever anyone uses control of the corporation to further his own rather than the corporation's business, he will be liable for the corporation's acts upon the principle of *respondeat superior* applicable even where the agent is a natural person.

*Walkovszky v. Carlton*, 18 N.Y.2d 414, 417, 223 N.E.2d 6, 276 N.Y.S.2d 585 (1966) (internal quotation marks omitted; citations omitted).

Piercing the corporate veil is an exceptional remedy requiring a showing that: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury . . . ." *Morris v. N.Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141, 623 N.E.2d 1157, 603 N.Y.S.2d 807 (1993).

> While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than the corporate business . . . such domination, standing alone, is not enough . . . . The party seeking to pierce the corporate veil must establish that the owners, through their domination, *abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice* against that party such that a court in equity will intervene.

5

*Id.* at 141-42 (emphasis added; citations omitted).

Generally, "[a] director [or officer] of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken." *Murtha v. Yonkers Child Care Ass'n, Inc.*, 45 N.Y.2d 913, 915, 383 N.E.2d 865; 411 N.Y.S.2d 219 (1978) (internal quotation marks omitted). In the present case, even assuming, *arguendo*, that Cardone exercised absolute dominion over the defendant corporations, plaintiff's claim against him still must fail, for plaintiff has pleaded *no* facts supporting an inference that Cardone committed fraud or wrongdoing or acted in a capacity other than his official one as President and Chief Executive Officer of the corporate defendants.

Nowhere, in the context of any of his three claims,[4] does plaintiff allege that Cardone used the corporate defendants to accomplish "his own and not the corporation's business," *see WM. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 138 (2d Cir. 1991) ("Where there is proof that defendants were doing business in their individual capacities to suit their own ends–shuttling their own funds in and out without regard to the corporation's form–this sort of activity exceeds the limits of the privilege of doing business in a corporate form and warrants the imposition of liability on individual stockholders. . . . The critical question is whether the corporation is a shell being used by the individual shareowners to advance their own purely personal rather than corporate ends.") (internal quotation marks omitted; citations omitted); *Gartner*, 607 F.2d

---

[4] Plaintiff's three claims, sounding respectively in breach of contract, breach of the implied covenant of good faith and fair dealing and promissory estoppel, all arise from the same nucleus of operative facts and allege that Cardone took the same actions. The requirement that plaintiff pierce the corporate veil in order to hold Cardone personally liable applies with equal force to each of them.

at 586 ("Because New York courts disregard corporate form reluctantly, they do so only when the form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation . . . and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego."), nor does plaintiff allege that Cardone defrauded or wronged him in such a way that equity requires the Court to circumvent the protections of the corporate form.

Perhaps unsurprisingly, the Agreement states that it is "between Scott Novak . . . and Scarborough Alliance Corporation," and does not refer to Cardone, except for on the signature page, wherein it provides a space for him to sign the agreement on behalf of Scarborough Alliance Corporation (Kopec Aff., Ex. B.) Indeed, plaintiff's Complaint alleges little more than that Cardone acted "on behalf of [the corporate defendants]" (Complt. ¶ 12), and effectuated a breach of the Agreement. As the Second Circuit has stated, "Under New York law, [an] agent who signs [an] agreement on behalf of [a] disclosed principal [will not be] individually bound to [the] terms of [the] agreement absent clear and explicit evidence of [the] agent's intention to substitute or superadd his personal liability for or to that of his principal . . . ." *Lerner v. Amalgamated Clothing & Textile Workers Union*, 938 F.2d 2, 5 (2d Cir. 1991). The present case contains no such allegation.

Moreover, there is no allegation that, in the present case, the corporate defendants are incapable of satisfying a potential judgment, *see Gartner*, 607 F.2d at 586 ("The court will also generally consider whether the corporation was adequately capitalized in determining whether to disregard the corporate form."), and we can discern no injustice that would result from enforcing the protections of the corporate form in the present case. *Pointer (U.S.A.), Inc. v. H & D Foods Corp.*, 60 F. Supp. 2d 282, 287 (S.D.N.Y. 1999) (applying Massachusetts law and noting that the "[t]he

central concern . . . is whether the corporate form has been so abused in a particular case that it is necessary to disregard it to defeat fraud or wrong or gross inequity."); *TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 339, 703 N.E.2d 749, 680 N.Y.S.2d 891 (1998) ("Evidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance."); *Port Chester Elec.*, 40 N.Y.2d at 656 ("In a broad sense, the courts do have the authority to look beyond the corporate form where necessary 'to prevent fraud or to achieve equity.'") (citation omitted).

## CONCLUSION

For all of the foregoing reasons, the motion of defendant Denis A. Cardone to dismiss all of plaintiff Scott Novak's claims against him, both individually and in his corporate capacity, pursuant to FED. R. CIV. P. 12(b)(6) is granted with prejudice and without costs or attorney's fees.

SO ORDERED.

Dated: White Plains, New York
       March 28, 2007

*[signature]*
Sr. United States District Judge